UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY DURANT LUMSEY,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE PRISON, et al.,<br><br>Defendants. | No. 2:15-cv-0620-EFB P<br><br>ORDER DISMISSING ACTION FOR FAILURE TO EXHAUST ADMINISTRATVE REMEDIES |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] He concedes that he did not present the facts in his complaint for review through the administrative grievance procedure prior to commencing this action. *See* ECF No. 1, § I. This action must therefore be dismissed for plaintiff's failure to exhaust administrative remedies. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (prisoner's concession to nonexhaustion is valid ground for dismissal of an action, so long as no exception applies), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (*en banc*).

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title,

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to *suit*."). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006); *McKinney*, 311 F.3d 1198.

California prisoners may appeal "any policy, decision, action, condition, or omission" that the inmate can demonstrate "as having an adverse effect upon his or her welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative remedies generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. *Id.*, § 3084.1(b).

Here, plaintiff alleges that he was injured while performing his work duties at the prison. ECF No. 1, § III. He concedes that there is a grievance procedure available to him and that he never filed a grievance regarding his allegations. *Id.*, § I(B)—(C). He states that he did not pursue a grievance because the "institutional appeal process would not compensate for damages that were done to petitioner during work duties." *Id.*, § I(D). Plaintiff appears to believe that exhaustion is not required if his claim relates to a work injury or seeks monetary compensation. Exhaustion, however, is mandatory in all actions concerning "prison conditions." *See* 42 U.S.C. § 1997e. "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ." 18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002). Plaintiff's complaint regarding being injured while working at the prison plainly falls into this category, and plaintiff's proposed exception to the

exhaustion requirement does not excuse his failure to complete the administrative review process. *See Booth*, 532 US at 741 n. 6 (stating courts should not read "futility or other exceptions" into § 1997e(a)); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."); *id.* ("All 'available' remedies must . . . be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'")

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The concessions in plaintiff's complaint demonstrate that he has not "properly exhausted" his claims by pursuing all levels of administrative review available to him, and that there is no applicable exception to the exhaustion requirement. This action must therefore be dismissed without prejudice. *See Wyatt*, 315 F.3d at 1120.

Accordingly, IT IS HEREBY ORDERED that this action is dismissed without prejudice for failure to exhaust administrative remedies prior to filing suit. The Clerk is directed to close the case.

DATED: April 27, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE